UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
Marisol Garcia,

                     *Plaintiff.*

   - against -                                  Index No.:

Blacksmith of Hudson, LLC d/b/a             **COMPLAINT**
Tasca Automotive Group
Sahal Abdallatif
Izzy Bawb
Christopher DeMarsico

                    *Defendants*.
------------------------------------------------------------------------X

Plaintiff, Marisol Garcia, by and through her attorneys, McKinley Onua & Associates, PLLC, as for her Complaint against Defendants, Blacksmith of Hudson, LLC d/b/a, Tasca Automotive Group, Sahal Abdallatif et al (together "Defendants") alleges as follows:

## NATURE OF THE CASE

1.      Marisol Garcia ("Plaintiff") brings this action, alleging that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq and the New Jersey Law Against Discrimination (N.J.S.A. 10:5-1 et seq.) and seeks damages to redress the injuries she has suffered as a result of being subjected to a hostile work environment, discrimination, retaliation on the basis of her sex/gender (sexual harassment), assault and battery.

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because there is a Title VII claim, which is federal law, and thus involves a federal question of law.

3.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this

District, and Defendant Company conduct business and Plaintiff's employment and performance occurred in this District.

4.      Plaintiff exhausted her administrative remedies because she timely filed a charge with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notice of case closure from the EEOC.

**<u>PARTIES</u>**

5.      Plaintiff is an adult individual who resides in New Jersey. At all relevant times, and continuing to the present, Plaintiff is an "employee" within the meaning of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination ("NJLAD") N.J.S.A. 10:5-1 et seq.

6.      Defendant Blacksmith of Hudson, LLC d/b/a ("Blacksmith") was, at all relevant times, Plaintiff's employer. Blacksmith owned and operated a Secaucus showroom located at 425, Route 3 East, Secaucus, New Jersey 07094 where Plaintiff worked and where the unlawful sexual discrimination and retaliation alleged herein took place.

7.      Defendant Tasca Automotive Group ("Tasca") is the current owner and operator of the Audi Meadowlands dealership in Secaucus, New Jersey. Upon information and belief Tasca purchased or otherwise assumed ownership and operation of the dealership formerly operated by Blacksmith. As successor, Tasca qualifies as Plaintiff's "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et and is liable for the ongoing retaliation and hostile work environment conditions at the dealership. For purposes of this action, Blacksmith of Hudson, LLC d/b/a and Tasca Automotive Group are collectively referred to as "Defendant Company"

8.    Defendant Sahal Abdallatif, at all material times, was a Sales Associate of Defendant Company who engaged in, participated in, aided and condoned the discriminatory, sexual harassment, and retaliatory conduct towards Plaintiff as alleged herein, and is personally liable under applicable state law and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

9.    Defendant Izzy Bawb, at all material times was a Sales Associate of Defendant Company who engaged in, participated in, aided and condoned the discriminatory, sexual harassment, and retaliatory conduct toward Plaintiff as alleged herein, and is personally liable under applicable state law and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

10.    Defendant Christopher DeMarsico at all material times, was a General Manager of Defendant Company who engaged in, participated in, aided and condoned the discriminatory, sexual harassments, and retaliatory conduct toward Plaintiff is personally liable under applicable state law and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## PROCEDURAL BACKGROUND

11.    Plaintiff exhausted her administrative remedies at the Equal Employment Opportunity Commission.

12.    The U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on August 6, 2025.

## RELEVANT FACTS

13.    On January 25, 2021, Plaintiff Marisol Garcia ("Plaintiff") was hired by Blacksmith of Hudson, LLC d/b/a as a receptionist at its showroom located at 425 Route 3 East, Secaucus, New Jersey 07094.

14. Plaintiff worked Monday through Thursday from 9:00 A.M. to 7:00 P.M., Friday from 9:00 A.M. to 6:00 P.M., and Saturday from 9:00 A.M. to 5:00 P.M.

15. Plaintiff's duties included greeting customers, answering calls, processing payments, and performing administrative tasks in coordination with the management and sales teams.

16. Plaintiff has been very competent in her duties for which she has received positive feedback from customers and colleagues alike.

17. Despite her competence and dedication to her work, Plaintiff has been subjected to a continuing pattern of inappropriate conduct by male employees, including Izzy Bawb ("Bawb") and Sahal Abdallatif ("Abdallatif"), as well as senior management staff General Manager Christopher DeMarsico ("DeMarsico").

18. As a result, Plaintiff has been made to endure a pervasive environment of sexual harassment, hostility and retaliation.

19. Bawb once told Plaintiff, *"If I wasn't married, I'd be all over you,"* and on another occasion called her *"a piece of shit."* Both remarks were reported to General Sales Manager Edwin Mercedes ("Mercedes"), but her complaints were ignored and dismissed without any investigation or corrective action.

20. The sexual harassment extended beyond male co-workers to senior management. DeMarsico made repeated sexually suggestive remarks to the Plaintiff, telling her, *"Be nice to me."* When Plaintiff clarified that she was nice to everyone, he persisted, saying, *"No, you are not nice to me, be nice to me,"* accompanied with a smirk of inappropriate undertone.

21.     On another occasion at the workplace, DeMarsico told Plaintiff, *"You know the reason I'm here is because of you,"* and while extending his hands in a suggestive manner, he grazed Plaintiff's buttocks, despite her clear objection to his behavior.

22.     Plaintiff repeatedly told these male employees to stop and tried to avoid them, but the behavior continued.

23.     Abdallatif also engaged in multiple acts of sexual harassment toward the Plaintiff by making sexually suggestive comments about Plaintiff's appearance, hair and perfume, inappropriate remarks in front of other employees, saying Plaintiff looked like a movie star and that he could have a helicopter pick her up with a red carpet. He also FaceTimed Plaintiff outside of work hours and made lewd requests for her to pull her shirt down to see her chest among other things.

24.     On April 17, 2024, Abdallatif further escalated his misconduct. That day, while Plaintiff was in the copy room to access the combination code, she experienced two egregious incidents of sexual harassment by him.

25.     At approximately 12:45 p.m., as Plaintiff was exiting the copy room, Abdallatif initiated a conversation, claiming he had heard Plaintiff was leaving her job. When Plaintiff re-entered the room and asked where he had gotten such information, Abdallatif brushed his left hand against her left buttock.

26.     Shocked and offended, Plaintiff immediately rebuked him, saying, "What was that?" before leaving the copy room without further exchange.

27.     That same day, at about 1.13pm Plaintiff re-entered the copy room, where Abdallatif approached her again requesting a copy of a check, and as she stood facing the copier machine, Abdallatif grabbed her buttocks with both hands.

28.     Plaintiff immediately screamed and told him to stop, but he did not respond. She then left the copier room and went to the reception area, while Abdallatif walked outside the building.

29.     Plaintiff reported the incident to Mercedes, who expressed disbelief and promised to discuss the matter with DeMarsico.

30.     When Plaintiff later spoke with DeMarsico, he appeared dismissive. He simply asked what would make her "most comfortable" rather than taking prompt action.

31.     Plaintiff felt uneasy and pressured not to request termination of a top employee. She initially requested a public apology from Abdallatif.

32.     The following day, April 18, 2024, when Plaintiff reported to work, she inquired about the status of the matter, but DeMarsico replied, "I don't know" showing indifference and lack of concern.

33.     Plaintiff then garnered the courage to demand the termination of Abdallatif.

34.     Still, management took no immediate or meaningful action.

35.     During a meeting with DeMarsico, HR representative Jamelle Silas, and Mercedes, Plaintiff expressed her dissatisfaction with how management was handling the situation and stated that she was going to report the matter to the police. In response, DeMarsico shouted, *"You cannot do that,"* an outburst that intimidated and discouraged Plaintiff from seeking help, shielded management from taking accountability for their inaction.

36.     Due to management's failure to act, and concern for her safety, Plaintiff was compelled to lodge a report with the Secaucus Police Department on April 18, 2024.

37.     The police promptly commenced an investigation into the matter and Plaintiff provided a detailed statement.

38. Abdallatif was interviewed, along with some staff members of the Defendant Company including DeMarsico.

39. Only after Police involvement did management suspend Abdallatif.

40. Following Plaintiff's complaints, management's demeanor toward Plaintiff changed dramatically.

41. Rather than taking responsibility for or addressing Plaintiff's concerns, management and co-workers began to treat Plaintiff with indifference and hostility.

42. Bawb, one of the male employees began to retaliate against Plaintiff, started avoiding direct communication with her and began routing all his questions and work-related matters through another co-worker.

43. Management's failure to investigate and take appropriate actions, coupled with these retaliatory conducts, created an even more hostile and intimidating work environment for Plaintiff.

44. During this time, Plaintiff endured humiliation, anxiety, and fear.

45. On June 8, 2024, Defendant informed Plaintiff of its decision to reinstate Abdallatif.

46. Abdallatif was reinstated on June 10, 2024, despite the ongoing police investigation into his misconduct.

47. The reinstatement made Plaintiff unsafe, anxious and clearly showed that management had disregarded her complaints.

48. On June 10, 2024, Tasca Automotive Group took over management of the dealership.

49.    Plaintiff reported the complaint to the new manager, Dennis Acosta, who acknowledged being aware of the prior issue but stated that he would not address it because it occurred under the previous management.

50.    Plaintiff continued to endure an intimidating and unsafe work environment after the transition.

51.    Throughout, Defendant Company have failed to implement corrective measures or provide a safe workplace.

52.    The ongoing sexual harassment and management's failure to act have caused, and continue to cause, Plaintiff severe emotional, psychological, and physical distress.

53.    Defendants failed to redress Plaintiff's sexual harassment, hostile work environment, and retaliation claim in violation of Title VII of the Civil Rights Act of 1964 and related state laws.

54.    Plaintiff asserts that she was subjected to a hostile work environment and unlawful retaliation as a direct result of her complaints to management and her report to the police.

55.    Plaintiff seeks punitive damages against the Defendants for their willful disregard of her rights and their reckless indifference to her safety and well-being.

## FIRST CLAIM FOR RELIEF
**Violation of Title VII of the Civil Rights Act, 1964 (1) Gender Discrimination, Sexual Harassment, (2) Hostile Work Environment**

56.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

8

57.     Defendants subjected Plaintiff to unwelcome gender-based conduct and sexual harassment and failed to remedy or prevent such conduct after becoming aware of it, thereby fostering a hostile work environment in violation of Title VII.

58.     This claim is instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., for relief based upon the unlawful employment practices of the Defendant Company. Defendant Company employ more than fifteen (15) employees and therefore meet the statutory threshold for coverage under Title VII. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

59.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (sexual harassment).

60.      Plaintiff was subjected to a hostile work environment by Defendants by repeatedly being victim of sexual comments and conducts in the workplace due to her sex.

61.     Plaintiff complained to Defendant's management on several occasions of the ongoing sexual harassment.

62.     Defendant never properly investigated nor resolved Plaintiff's complaints of sexual harassment, despite being informed of it by Plaintiff on multiple occasions.

63.     Defendant Company's management instead met Plaintiff's complaints of sexual harassment with hostility, and allowed Plaintiff to continue to be sexually harassed, and even encouraged Plaintiff's sexual harasser by reinstating him.

64.     In their gender-based discriminatory actions alleged in violation of Title VII, Defendants have acted with malice or deliberate indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages.

65.     Under Title VII, Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### TITLE VII – Retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. S 2000e –3(a) et seq.

66.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

67.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer "to discriminate against any of his employees because he/she has opposed any practice made an unlawful practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

68.     Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) et seq. by discriminating against Plaintiff when she reported repeated acts of sexual harassment.

69.     Instead of investigating the complaints and ensuring Plaintiff's safety, the Defendants responded with hostility, dismissal, and intimidation.

70.     Plaintiff felt unsafe and marginalized.

71.     Defendants' actions constitute unlawful retaliation in violation of Title VII.

72.     As a direct and proximate result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer severe emotional, physical distress, humiliation and mental anguish.

73.     In their retaliatory acts in violation of Title VII, Defendants acted with malice or deliberate indifference to the rights of the Plaintiff, thereby entitling her to an award of punitive damages, equitable relief, attorney's fees, and costs.

<strong><u>THIRD CLAIM FOR RELIEF</u></strong>

**<u>N.J.S.A. 10:5-1 et seq – Gender Discrimination, Sexual Harassment, and Hostile Work Environment in Violation of New Jersey Law Against Discrimination</u>**

74.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

75.     Defendants discriminated against Plaintiff on the basis of her gender, sexually harassed Plaintiff and/or caused Plaintiff to experience a hostile work environment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq by, and through its employees and managerial staff.

76.     The unlawful conducts included unwelcome sexual advances, offensive comments, inappropriate touching, and other degrading treatment by male employees and senior management, all of which created an intimidating, hostile, and abusive work environment.

77.     Defendant Company knew or should have known of the sexual harassments but failed to take prompt and effective remedial action, thereby condoning and perpetuating the unlawful conduct.

78.     DeMarsico, Izzy Bawb and Sahal Abdallatif, employees of the Defendant Company aided, abetted, incited, compelled, and coerced the discriminatory and retaliatory acts against Plaintiff, in violation of N.J.S.A. 10:5-1 et seq.

11

79.    As a direct and proximate result of Defendants' actions, Plaintiff suffered humiliation, emotional distress, and loss of dignity, as well as other damages to be determined at trial.

80.    In committing the gender-based discriminatory and sexual harassment acts alleged herein, Defendants acted with malice and reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages under N.J.S.A. 10:5-1 et seq.

81.    Under N.J.S.A. 10:5-27.1, Plaintiff is entitled to recover reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### N.J.S.A. 10:5-12(d) – Retaliation in Violation of New Jersey Law Against Discrimination

82.    Plaintiff repeats and realleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

83.    Plaintiff engaged in protected activity by reporting sexual harassment and gender discrimination, including lodging complaints with management, providing statements to the police, and documenting incidents of sexual harassment.

84.    Defendants knew that Plaintiff had engaged in protected activity.

85.    For example, after Plaintiff reported Abdallatif's misconduct, Defendant Company failed to take any meaningful action and instead reinstated Abdallatif, exacerbating the hostile work environment.

86.    Defendants retaliatory actions also included ignoring complaints, dismissing Plaintiff's concerns, and allowing other employees to treat Plaintiff with hostility, indifference, and intimidation.

87.    The adverse employment actions were a direct and proximate result of Plaintiff's protected complaints and police reports.

88.     As a result of the illegal conduct perpetuated by Defendants, Plaintiff has suffered anguish, humiliation, emotional and physical distress, inconvenience, entitling her to compensatory damages.

89.     In committing the retaliatory acts alleged herein, Defendants acted with malice and reckless indifference to the rights of Plaintiff, thereby entitling her to punitive damages under N.J.S.A. 10:5-12.

90.     Under N.J.S.A and 10:5-27.1, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in this action.

**FIFTH CLAIM FOR RELIEF**
**Sexual Assault and Battery**

91.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

92.     The aforesaid occurrences and resultant injuries to Plaintiff caused by reason of the intent, carelessness and recklessness of Defendant Company and its employees, suddenly and without provocation did physically assault and batter Plaintiff and did cause unwelcome contact, causing Plaintiff to sustain damages.

93.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**Assault and Battery in violation of the New Jersey Law Against Discrimination**

94.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

95.     Under New Jersey law, it is unlawful for any person, by force, threat of force, or coercion, to knowingly injure, intimidate, interfere with, oppress, or threaten another person in the free exercise or enjoyment of any right or privilege secured by the

Constitution or laws of the State of New Jersey, including rights protected under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.,

96.     Further, under N.J.S.A. 10:5-1 et seq, any conduct motivated in whole or in part by the victim's actual or perceived race, creed, color, national origin, gender, sexual orientation, marital status, partnership status, disability, or other protected characteristic is unlawful.

97.     Defendants violated these sections as set forth herein by assaulting Plaintiff while she was at work by intentionally making unwanted physical contact with Plaintiff, including grazing and grabbing her buttocks against her.

98.     These acts were intentional, harmful, and offensive, and were committed without Plaintiff's consent.

99.     As a direct and proximate result of Defendants' conducts, Plaintiff suffered humiliation, emotional distress, anxiety, fear, and other physical and psychological injuries.

100.    Plaintiff is entitled to recover compensatory and punitive damages, together with reasonable attorneys' fees and costs, under New Jersey common law for battery.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a) Awarding compensatory and punitive damages

b) Awarding damages for emotional distress suffered by the direct act of the Defendants

14

c)  Declaring Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") and The New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

d)  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e)  Granting Plaintiff all such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of actions and claims with respect to which she has the right to jury trial.

Dated: New York, New York
           October 31, 2025

Respectfully submitted,

MCKINLEY ONUA & ASSOCIATES, PLLC

By:  /s/ Nnenna Onua
       Nnenna Onua, Esq.
       *Attorney for Plaintiff*
       233 Broadway, Suite 2348
       New York, NY 10279
       (718) 522-0236

15